166 F.3d 438
 1999-1 Trade Cases P 72,419, 49 U.S.P.Q.2d 1639
 GORDON AND BREACH SCIENCE PUBLISHERS S.A., Harwood Academic
Publishers GMBH, and OPA (Overseas Publishing
Association) Amsterdam BV,
Plaintiffs-Appellants-Cross-Appellees,
v.
AMERICAN INSTITUTE OF PHYSICS and American Physical Society,
Defendants-Appellees-Cross-Appellants.
 Nos. 97-9229, 98-7101.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 11, 1999.
Decided Jan. 25, 1999.
 
 Sheldon H. Elsen, Orans, Elsen & Lupert (Leslie A. Lupert, Robert L. Plotz, Peter E. Seidman, Peter A. Adelman, of counsel), New York, New York, for Plaintiffs-Appellants-Cross-Appellees.
 Richard A. Meserve, Covington & Burling (Jeffrey G. Huvelle, Thomas L. Cubbage III, Karen W. Kramer, of counsel), Washington, D.C., for Defendants-Appellees-Cross-Appellants.
 Ritchie T. Thomas, Squire, Sanders & Dempsey (Glenn M. Young, William C. O'Neill, of counsel), Washington, D.C., for Amici Curiae American Library Association, Association of Research Libraries, and Special Libraries Association.
 Before: WINTER, Chief Judge, VAN GRAAFEILAND, and KEARSE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gordon and Breach Science Publishers et al. (G & B) appeal from an adverse judgment following a bench trial before Judge Sand. We affirm for substantially the reasons stated by the district court in its opinion holding that appellees did not violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). See OPA (Overseas Publishing Ass'n) Amsterdam BV v. American Institute of Physics, 973 F.Supp. 414 (S.D.N.Y.1997).
 
 
 2
 American Institute of Physics and American Physical Society cross-appeal from Judge Sand's decision not to award attorney fees and costs pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a). See OPA (Overseas Publishing Ass'n) Amsterdam BV v. American Institute of Physics, 986 F.Supp. 242 (S.D.N.Y.1997). In a suit under the Lanham Act, attorney fees should be awarded only in "exceptional cases," 15 U.S.C. § 1117(a), and only "on evidence of fraud or bad faith," Twin Peaks Productions, Inc. v. Publications International, Ltd., 996 F.2d 1366, 1383 (2d Cir.1993); see also Conopco, Inc. v. Campbell Soup Co., 95 F.3d 187, 194 (2d Cir.1996). We review Judge Sand's decision for abuse of discretion. See Twin Peaks Productions, 996 F.2d at 1383.
 
 
 3
 Appellees contend that the district court abused its discretion by requiring a finding of objective frivolousness in order to award fees. We need not, however, address whether a district court might permissibly award fees in a case where (i) the claim asserted was extremely weak although (ii) not without any chance of success but (iii) was brought entirely for purposes of competitive harassment. The present litigation may not have been strong on the merits but raised enough nonfrivolous claims to preclude the awarding of fees. Therefore, even if the district court improperly made total meritlessness a sine qua non of bad faith, its error was harmless.
 
 
 4
 We therefore affirm both the appeal and the cross-appeal.