**MOMENTUM LUGGAGE AND LEISURE BAGS, a partnership between Robert Rudko and William M. Greystone, Plaintiff–Appellant–Cross–Appellee,**

**John P. Bostany and The Bostany Law Firm, Cross–Appellees,**

v.

**JANSPORT, INC., Defendant–Appellee–Cross–Appellant,**

**Luggage & Leather Goods Manufacturers of America, Inc., and Business Journals, Inc., Defendants.**

**Docket Nos. 01–9014L, 01–9438(XAP).**

United States Court of Appeals, Second Circuit.

Sept. 6, 2002.

John P. Bostany, The Bostany Law Firm, New York, NY, for Plaintiff–Appellant–Cross–Appellee.

Harry C. Batchelder, Jr., New York, NY, for Cross–Appellees.

Thomas A. Canova, Gianni P. Servodidio, Carol M. Wilhelm (of counsel) Pennie

& Edmonds LLP, New York, NY, for Defendant–Appellee–Cross–Appellant.

Present CALABRESI and B.D. PARKER, Circuit Judges.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

This appeal and cross-appeal arise from a dispute involving Defendant Jansport's use of the name "Momentum" to designate a line of its luggage. Plaintiff Momentum Luggage and Leisure Bags alleges that this use violates the Lanham Act through 1) trade dress and trade mark infringement of its unregistered trademark, 2) dilution of its famous and distinctive mark, and 3) unfair competition. Plaintiff also claims that Defendant's actions 4) contravene the New York state anti-dilution statute, and 5) constitute trade mark and trade dress infringement, misappropriation, and unfair competition under New York common law. After discovery, the district court (Cote, *J.*) granted Defendant's motion for summary judgment, but denied its motion for sanctions and attorneys' fees. Plaintiff appeals the grant of summary judgment, and Defendant cross-appeals the district court's denial of sanctions and fees.

We review the district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the non-moving party. *See Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir.1999). Summary judgment is appropriate where

* The Honorable Sidney H. Stein of the United States District Court for the Southern District of New York, sitting by designation, originally a member of the panel, recused himself prior to oral argument, and the appeal is being disposed of by the remaining members of the panel, who are in agreement. *See* Second Circuit Local Rule § 0.14(b); *Murray v. National Broadcasting Company*, 35 F.3d 45, 47, 48 (2d Cir.1994).

"there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In trademark infringement cases, the district court's determinations of the individual *Polaroid* factors are reviewed as findings of fact, subject to reversal only if clearly erroneous. *See Bristol–Myers Squibb Co. v. McNeil–P.P.C.*, 973 F.2d 1033, 1043 (2d Cir.1992).

■ The district court concluded that Momentum's informal and sporadic activity did not constitute sufficient use of a trademark in commerce to qualify for Lanham Act protection. Noting that "the right to a particular mark grows out of its use, not its mere appropriation", *United Drug v. Theodore Rectanus Co.*, 248 U.S. 90, 97 (1918); *Buti v. Perosa, S.R.L.*, 139 F.3d 98, 103 (2d Cir.1998), the court relied on Second Circuit precedent that "[t]rademark rights are not created by sporadic, casual, and nominal shipments of goods bearing a mark. There must be a trade in the goods sold under the mark or at least an active and public attempt to establish such a trade. Absent these elements, no trademark can be created or exist." *La-Societe Anonyme des Parfums Le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1274 (2d Cir.1974) (89 sales in 20 years was too sporadic and casual to create trademark rights). The court considered Momentum Luggage's 1) advertising and promotion, and 2) sales, and concluded that these activities, either separately or together, were insufficient to create ownership rights in the "Momentum" mark.

The district court also explained that, even if Plaintiff did have trademark rights in the "Momentum" name, its lawsuit would fail because it had not proven the probability of confusion. In so concluding, the court considered each of the eight non-exhaustive factors laid out in *Polaroid Corp. v. Polaroid Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir.1961). Further, the court dismissed Plaintiff's unfair competition claim because Plaintiff "failed to raise a genuine issue of material fact as to the association of the 'Momentum' name with its business or its products." Finally, it dismissed the dilution claims, reasoning that "[s]ince the Court has determined that plaintiff does not own the 'Momentum' mark, plaintiff's claim for dilution fails as a matter of law."

We agree and affirm the district court for substantially the reasons it gave.

■ We review for abuse of discretion a district court's decision not to impose sanctions. *See Thomas E. Hoar, Inc., v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir.1989) (Rule 37); *Gordon & Breach Science Publishers S.A. v. American Institute of Physics*, 166 F.3d 438 (2d Cir.1999) (15 U.S.C. § 1117); *Revson v. Cinque & Cinque*, 221 F.3d 71, 78 (2d Cir.2000) (28 U.S.C. § 1927). Moreover, we have recognized that, although Rule 37 uses the word "shall," district courts retain broad discretion to fashion Rule 37 sanctions. *Corporation of Lloyd's v. Lloyd's U.S.*, 831 F.2d 33, 36–37 (2d Cir.1987).

In this case, the district court found that there was insufficiently conclusive evidence of bad faith to award attorneys' fees under either 15 U.S.C. § 1117 or 28 U.S.C. § 1927. Moreover, as to § 1927, the court concluded that it was not clear that Plaintiff's actions were "so completely without merit as to require the conclusion that they must have been taken for some improper purpose such as delay" (citing *Revson*, 221 F.3d at 79). It also found that an award of fees, in addition to its order precluding evidence, was not appropriate under Rule 37. We find no evidence that the district court exceeded its wide discretion in declining to impose sanctions.

We have considered all of Plaintiffs' claims and Defendant's cross-claims and find them meritless. We therefore AFFIRM the judgment of the district court.