**SOLOW BUILDING COMPANY, LLC., Plaintiff-Appellant,**

v.

**NINE WEST GROUP, INC. and Nine West Development Corporation, Defendants–Appellees.**

**Docket No. 01–7878.**

United States Court of Appeals, Second Circuit.

Oct. 11, 2002.

Marc S. Dreier, Dreier & Baritz LLP, New York, NY, for Appellant.

IRA S. SACKS, Fried, Frank, Harris, Shriver & Jacobson (Rita M. Odin, Ryan Haygood, on the brief), New York, NY, for Appellees.

Present MINER, SACK, Circuit Judges, and BERMAN, District Judge.*

---

* The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, affirmed.

Solow Building Company ("Solow") appeals from the district court's dismissal of its complaint against defendants Nine West Group and Nine West Building Corporation (collectively, "Nine West") alleging trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c), false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), common law trademark infringement, and trademark dilution under New York law. The district court dismissed Solow's claims on grounds of laches, failure to show likelihood of confusion, and failure to show ownership rights in the mark asserted.

We agree with the district court that the doctrine of laches bars Solow's claims. A presumption of laches applies in this case because Solow brought its action approximately twenty years after learning of Nine West's use of the marks in dispute, and thus after all potentially applicable statutes of limitations had run. *See Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 191 (2d Cir.1996). To rebut a presumption of laches in a trademark case, a plaintiff generally must show that a defendant has made recent inroads on the plaintiff's interests, such as by entering the plaintiff's geographic market, *see Fourth Toro Family Ltd. P'ship v. PV Bakery, Inc.*, 88 F.Supp.2d 188, 197 (S.D.N.Y.2000), altering a mark to make it more similar to the plaintiff's, *id.*, or extending a mark to goods or services that more directly compete with the plaintiff's, *see Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 498

(2d Cir.1961). Solow's complaint alleges no such facts. In terms of recent changes in Nine West's use of its marks, Solow alleges only that Nine West has expanded beyond its traditional women's footwear business to sell jewelry, cosmetics, clothing, bedding, and accessories. This alleged expansion plainly is not in the direction of Solow's business, which is real estate. Solow similarly fails to allege that Nine West has recently altered its marks to make them more similar to Solow's. The complaint thus fails to allege facts that could support a holding in Solow's favor.

We also hold that Solow's federal trademark dilution claims are barred on the alternative ground that Solow's mark lacks inherent distinctiveness. Solow has conceded that its mark is descriptive at best, and this Court has held that such a mark lacks sufficient distinctiveness to warrant protection under the federal trademark dilution statute. *See TCPIP Holding Co. v. Haar Communications, Inc.*, 244 F.3d 88, 95 (2d Cir.2001).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.