SUMMARY ORDER

Plaintiff-Appellant Mary Parks, pro se, appeals from the judgment of the United States District Court for the Southern District of New York (Batts, J.), dismissing her copyright and Lanham Act complaint, pursuant to Federal Rules of Civil Procedure 12(b)(6). We assume the parties’ familiarity with the facts and procedural history.
We review de novo a district court’s dismissal of a complaint pursuant to Rule 12(b)(6), “construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiffs favor.” Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002).
Parks asserts that the magistrate judge’s statement that her submissions were difficult to follow indicates that he failed to understand her complaint. We do not agree that the magistrate judge failed to understand the complaint. To the contrary, the magistrate judge carefully considered Parks’s pro se submissions and construed them to raise the strongest possible arguments they suggest. See Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006).
Parks argues that the district court wrongfully dismissed her case on statute of limitations grounds. Civil actions under the Copyright Act must be brought “within three years after the claim has accrued.” 17 U.S.C. § 507(b). A cause of action accrues when the plaintiff knows or has reason to know of the injury upon which the claim is premised. Merchant v. Levy, 92 F.3d 51, 56 (2d Cir.1996) (citing Stone v. Williams, 970 F.2d 1043, 1048 (2d Cir. 1992)). The district court construed Parks’s claim that she was the true copyright owner of certain songs as a claim under the Copyright Act. All of the songs at issue were written and first registered with the Copyright Office from 1969 to 1971. The exhibits attached to Parks’s complaint demonstrate that she was aware of appellees’ claims to her works well before three years prior to filing her complaint. To the extent that Parks asserts that the statute of limitations was tolled because of appellees’ fraudulent actions, Parks knew of the alleged fraud by March 1970, when she contacted ABC Records and demanded that she receive the contract that she was allegedly promised. *739 Thus, the district court did not err in dismissing this claim.
To the extent that Parks’s complaint can be characterized as asserting that appellees infringed on her copyrights, we also agree with the district court that her claims are time barred. Every act of infringement is a “distinct harm” that gives rise to an independent claim for relief. Stone, 970 F.2d at 1049. But ABC Records could not have been responsible for any infringement that occurred within three years of the filing of this lawsuit, because it sold its interest in the disputed songs in 1979. As for the other appellees, the complaint does not provide specific dates for any alleged infringements. Parks was given the opportunity to amend her complaint to allege any infringing activity that may have occurred within the three-year limitations period, but she specifically declined the opportunity. Insofar as Parks claimed that the defendants were liable for ongoing infringement, the ongoing injury doctrine generally does not apply in the copyright infringement context. Id. at 1050.
We also agree with the district court that, to the extent that Parks’s complaint can be construed to raise a claim under the Lanham Act—that appellees promoted works created by Parks under the name of Albert Ayler—it was time barred. We apply New York’s six-year fraud statute of limitations to determine if a Lanham Act claim is barred by the doctrine of laches. Conopco, Inc. v. Campbell Soup Co., 95 F.3d 187, 191 (2d Cir.1996). Where the complaint is fried outside the six-year limitations period, the plaintiff bears the burden to prove the circumstances making it inequitable to apply the laches defense. Id. Parks knew that the songs she co-wrote were being attributed to Ayler alone as of 1969, when Ayler corresponded with Broadcast Music to inform the company that Parks was wrongly omitted as author of various songs on his album. Having filed her suit 30 years after the expiration of the limitations period, Parks failed to establish why the doctrine of laches should not apply. Parks was given the opportunity to amend her complaint to add allegations related to this claim, but she declined to do so.
Finally, the district court did not abuse its discretion in dismissing Parks’s state law claims in light of the dismissal of her federal claims. See Purgess v. Sharrock, 33 F.3d 134, 138 (2d Cir.1994).
We have reviewed Appellant’s remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.