16-2934-cv (L)
Vaad L'Hafotzas Sichos, Inc. v. Kehot Publication Society

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 8th day of September, two thousand seventeen.

Present:  JON O. NEWMAN,
          PIERRE N. LEVAL,
          ROSEMARY S. POOLER,
                    *Circuit Judges.*
_____

VAAD L'HAFOTZAS SICHOS, INC.,

                    *Plaintiff-Counter-Defendant - Appellee - Cross-Appellant,*

ZALMAN CHANIN,

                    *Counter-Defendant - Appellee - Cross-Appellant,*

          v.                                    16-2934-cv; 16-3364-cv

KEHOT PUBLICATION SOCIETY,
a division of MERKOS L'INYONEI CHINUCH, INC.,

                    *Defendant-Counter-Claimant - Appellant - Cross-Appellee.*
_____

| | |
|---|---|
| Appearing for Appellant-Cross-Appellee: | J. Christopher Jensen, Cowan, Liebowitz & Latman, P.C., New York, NY. |
| Appearing for Appellee-Cross-Appellant: | Mark Weissman (Herbert Rubin, Miriam Skolnik, *on the brief*) Herzfeld & Rubin, P.C., New York, NY. |

Appeal from the United States District Court for the Eastern District of New York (Block, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Kehot Publication Society, a division of Merkos L'Inyonei Chinuch, Inc. ("Merkos") appeals, and Vaad L'Hafotzas Sichos, Inc., and Zalman Chanin (collectively "Vaad"), cross-appeal from the judgment of the District Court for the Eastern District of New York (Block, *J.)* entered January 19, 2016, after a bench trial and a post-judgment order entered July 25, 2016. On the appeal from the judgment, which denied Merkos's counterclaim for infringement of what the parties term "the Kehot logo," Merkos seeks review of the district court's ruling that its infringement claim is barred by laches. On the cross-appeal from the judgment, Vaad seeks review of the district court's ruling on summary judgment that Merkos owns the trademark in question.

On the appeal from the post-trial order, which granted Merkos's motion to amend the district court's factual findings to state that the Kehot Logo is a strong mark and there is a likelihood of confusion arising from the parties' use of the Kehot logo, but denied, because of laches, its motion to amend the judgment, Merkos seeks review of the district's refusal to amend the judgment to enjoin Vaad from using the trademark in question. On the cross-appeal from the post-trial order, Vaad primarily seeks review of the district's court's ruling amending its findings of fact to state that the Kehot logo is a strong mark and that there is a likelihood of confusion arising from the parties' use of the Kehot Logo.

### 1. Laches

Merkos first disputes the district court's ruling that Merkos's trademark infringement claim seeking injunctive relief was barred by laches.

The Lanham Act gives courts the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark." 15 U.S.C. § 1116(a). Laches is an equitable defense. *See* J. Thomas McCarthy, 6 McCarthy on Trademarks and Unfair Competition § 31:1 (4th ed. 2017).

"Defendant's proof in its laches defense must show [1] that plaintiff had knowledge of defendant's use of its marks, [2] that plaintiff inexcusably delayed in taking action with respect thereto, and [3] that defendant will be prejudiced by permitting plaintiff inequitably to assert its rights at this time." *Saratoga Vichy Spring Co. v. Lehman*, 625 F.2d 1037, 1040 (2d Cir. 1980). We review a laches decision for abuse of discretion. *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 193 (2d Cir. 1996).

Merkos first argues that its filing of this suit was not inexcusably delayed. "Because the Lanham Act establishes no limitations period for claims alleging unfair competition or false advertising, and because there is no corresponding federal statute of limitations, we look to 'the most appropriate' or 'the most analogous' state statute of limitations for laches purposes."

2

*Conopco*, 95 F.3d at 191. "[O]nce the analogous statute has run, a presumption of laches will apply and plaintiff must show why the laches defense ought not be applied in the case." *Id.* The district court applied the six-year limitation period for New York fraud actions as the "most analogous" limitations period; Merkos does not dispute that decision.

The district court found that Merkos sent a letter to Vaad objecting to its publications (which displayed the Kehot mark) in July of 1995.[2] Merkos first brought legal action against Vaad in 2011. Merkos's suit came a minimum of sixteen years after it was aware of Vaad's allegedly offensive use of the Kehot mark, and of the harm that use allegedly caused. Vaad is thus unquestionably entitled to a presumption that laches applies.

Merkos argues that, because Vaad started branding its publications in 1998 as "Copyrighted and Published by Vaad L'Hafotzas Sichos," we should ignore the delay in bringing suit before 1998 because of the doctrine of "progressive encroachment," which sometimes permits delay when an infringer changes its behavior over time. The argument is ineffectual because, even counting 1998 as the starting period of Merkos's inaction, Merkos's delay in bringing suit would still be thirteen years, which is more than ample time to trigger the presumption of laches.

Merkos also argues that conversations and meetings with Vaad between 1995 and 2001 should be a reason to excuse delay. But Merkos has not presented facts as to the contents of those communications that would excuse the delay.

Merkos contends that Vaad acted with unclean hands or otherwise in bad faith, so that laches should be barred. *See Hermès Int'l v. Lederer de Paris Fifth Ave., Inc.*, 219 F.3d 104, 107 (2d Cir. 2000). We have described the "intentional infringement" required for an unclean hands finding as an "intention to confuse" the public and a lack of "good faith." *Harley-Davidson, Inc. v. Grottanelli*, 164 F.3d 806, 813 (2d Cir. 1999). The district court found that Vaad has acted with good faith, in that it had an honest belief in its right to use the mark, and also that Merkos complained to Vaad not about the use of the mark, but about Vaad's omission of the phrase "of blessed memory" following the name of the Rabbi Menachem Mendel Schneerson ("the Rebbe"). Merkos fails to cast doubt on either ruling.

Finally, Merkos argues that the likelihood of confusion is so great in this case that laches should not bar a remedy. *See ProFitness*, 314 F.3d at 68. But the district court did not err in ruling that Merkos failed to carry its burden of demonstrating a high likelihood of confusion in light of the court's balancing of the *Polaroid* factors.

Merkos argues that the laches holding should be vacated because the district court's reasoning was marred by numerous errors of law. Although some of the district court's reasons might have depended on erroneous propositions of law, its ultimate conclusion that Merkos's claim was barred by laches was sound.

---

[2] The district court's order also referred to a letter sent by Merkos in 1994, and it was unclear whether the court considered 1994 or 1995 to be the starting point for measuring the time until Merkos sued. This point does not matter, because laches would apply even if the 1995 letter is considered the starting point.

We affirm the district court's laches ruling. Because laches bars Merkos's request for injunctive relief, we need not reach Vaad's arguments regarding the mark's strength.

## 2. Trademark Ownership

Vaad appeals the district court's decision at summary judgment that Merkos owned the Kehot Publication Society logo, by which the district court affirmed the decision of the Patent and Trademark Office ("PTO").

The district court ruled, and Vaad agrees, that the PTO's conclusions of law are reviewed de novo and its findings of fact for "substantial evidence." Appellee-cross-appellant's Opening and Response Br. at 5-6. The "substantial evidence" standard "requir[es] a court to ask whether a reasonable mind might accept a particular evidentiary record as adequate to support a conclusion." *Dickinson v. Zurko*, 527 U.S. 150, 162 (1999) (internal quotation marks omitted). The district court here granted summary judgment affirming the PTO's decision that Merkos owns the Kehot trademark. We review that decision de novo. *Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ.*, 819 F.3d 42, 47 (2d Cir. 2016).

Vaad contends that the record did not contain substantial evidence that Merkos owned the Kehot logo. The PTO wrote a thorough opinion acknowledging that both parties' positions found support in the record, but ruling for Merkos. The minutes of a board meeting in 1942 show that Merkos was unequivocally given at least some rights with respect to the Kehot Publication Society, and took on the obligation to "adopt the continuance of [Kehot's] publications" after that time. App'x at 1132. The PTO noted that Merkos has exercised control over, and financed, the Kehot Publication Society, and that the Kehot Publication Society appears to have functioned as a division of Merkos since 1942. Despite facts supporting Vaad's view, the PTO's decision was nevertheless supported by "substantial evidence."

Vaad also argues that the Kehot logo is a certification mark. The argument is irrelevant because, as the district court noted, the Kehot mark designates a source or origin of the goods covered. Accordingly, it functions as a trademark regardless of whether some consumers also view it as a certification of religious appropriateness.

We have considered the remainder of the parties' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4