**GMT PRODUCTIONS, L.P.**

v.

**CABLEVISION OF NEW YORK CITY, INC.**

No. 92 CIV 5503 (KC).

United States District Court, S.D. New York.

March 16, 1993.

Ralph P. Casella, Staten Island, NY, for plaintiff.

Gregory W. Herbert, Saterlee Stephens Burke & Burke, New York City, for defendant.

## OPINION AND ORDER

CONBOY, District Judge:

The plaintiff, GMT Productions, L.P. ("GMT"), brought this action against the defendant, Cablevision of New York City, Inc. ("Cablevision"), seeking protection for an unregistered mark, "The Arabic Channel." The defendant has moved to dismiss the complaint on the ground that plaintiff has failed to state a claim upon which relief can be granted, or, in the alternative, to grant summary judgment on the ground that there is no genuine issue of material fact. For the reasons set forth below, the Court grants defendant's summary judgment motion as to Count I of the complaint and dismisses Counts II and III for lack of jurisdiction.

### Background

The plaintiff, GMT, is a New York limited partnership which provides cable television programming to several New York and New Jersey cable television systems. The plaintiff claims that since April 1991, it has used the mark "The Arabic Channel" in connec-

tion with the sale and advertising of its Arabic language programming. "The Arabic Channel" provides approximately thirteen hours a day of cable television programming in Arabic.

On April 22, 1992, plaintiff filed an application with the U.S. Department of Commerce, Patent and Trademark Office ("PTO") for registration of a service mark in connection with its cable television programming. In its application, plaintiff sought to register the mark "TAC The Arabic Channel (stylized with design)." The mark combines a graphic design or logo resembling a television camera, upon which is superimposed the letters "TAC," followed by the words, "THE ARABIC CHANNEL," written in upper case letters. The PTO granted plaintiff registration of the mark, but required plaintiff to include in its application the following disclaimer: "No claim is made to the exclusive right to use the words 'The Arabic Channel' apart from the mark as shown." *See* Plaintiff's "Memorandum of Law in Opposition to Motion to Dismiss" (Plaintiff's "Memorandum of Law"), Jan. 29, 1993, Ex. A.

▮ Plaintiff maintains that despite this disclaimer, people have come to identify the mark "The Arabic Channel" with the plaintiff.[1] This consumer identification, plaintiff states, has accorded "The Arabic Channel" a secondary meaning that makes the mark protectable under the Lanham Act.

The defendant, Cablevision, is a New York corporation in the business of selling cable television services. Since November 15, 1991, Cablevision has offered for sale a cable television service known as "The International Channel." The International Channel features television programming in at least sixteen different foreign languages. The Arabic language programming represents only a brief segment, approximately one to one and a half hours per day, of the International Channel's foreign language programming.

Plaintiff alleges that Cablevision has used plaintiff's mark, "The Arabic Channel," in connection with the sale and advertising of

defendant's cable services. As a result of this use, plaintiff asserts, the defendant has mislead and deceived viewers into thinking that "The Arabic Channel" is available on defendant's cable system.

Plaintiff asserts three causes of action arising out of defendant's alleged misuse of its mark. Plaintiff asserts its first cause of action under the Lanham Act, 15 U.S.C. § 1125(a), for false designation of origin, a second cause of action for common law trademark infringement and unfair competition, and a third cause of action for dilution and injury to business reputation under § 368–d of the New York General Business Law.

On August 28, 1992, the defendant moved this Court to dismiss the complaint, or, in the alternative, for summary judgment. The defendant makes two arguments in support of its motion. First, defendant maintains that plaintiff has no trademark rights in, nor any claim for infringement of, the mark "The Arabic Channel," since neither plaintiff nor defendant has ever used that mark. Cablevision claims that neither it nor its employees have ever used the words or mark "The Arabic Channel" or "TAC The Arabic Channel" in any form whatsoever in relation to the International Channel or otherwise, and that no employee of Cablevision has ever represented that Cablevision carried "The Arabic Channel" or "TAC The Arabic Channel." Second, defendant argues that plaintiff has no claim for infringement of the mark "The Arabic Channel," since that mark is not protectable as a matter of law.

## Discussion

▮ In a motion for summary judgment, the Court must give full weight to the non-moving party's evidence and draw every reasonable inference in its favor. *Ambook Enterprises v. Time, Inc.,* 612 F.2d 604, 611 (2d Cir.1979); *Merritt Forbes & Co. v. Newman Inv. Securities,* 604 F.Supp. 943, 952 (S.D.N.Y.1985). For the purposes of this motion, then, the Court will assume that the factual allegations of the plaintiff, as set forth in the complaint and subsequent affidavits,

---

1. The Court notes that the disclaimer of the mark "The Arabic Channel" on plaintiff's PTO application does not prevent the mark from becoming protectable. *See Ex Parte Maya de Mexico,* 103 U.S.P.Q. 158 (1954); *Ex Parte Engineered Products Co.,* 91 U.S.P.Q. 376 (1951).

are true.[2] Thus, the Court will assume: that GMT has, in fact, used the mark "The Arabic Channel" continuously since early 1991 in connection with cable television programming and services sold in interstate commerce; that GMT has advertised extensively to promote the channel; and that the defendant Cablevision has also used the mark "The Arabic Channel" in an attempt to sell its own cable programming.

These assumptions dispose of the defendant's first argument that neither it nor the plaintiff have used the mark "The Arabic Channel." In the face of the plaintiff's allegations to the contrary, the Court will not grant the defendant summary judgment on the ground that it and/or the plaintiff have not used the mark in question.

In its second argument in support of its motion, the defendant maintains that the mark "The Arabic Channel" is not protectable as a matter of law, and, thus, even if defendant had used the mark, it would not be violating the law. The defendant argues that "The Arabic Channel" is a generic term, and, as such, not eligible for common law or statutory protection.

 Phrases used to designate goods or services are entitled to varying degrees of protection depending upon whether they are classified as 1) generic, 2) descriptive, 3) suggestive, or 4) arbitrary or fanciful. *Girls Clubs of America v. Boys Clubs of America,* 683 F.Supp. 50, 52 (S.D.N.Y.), *aff'd,* 859 F.2d 148 (2d Cir.1988). A generic term refers to the genus of which a particular product is a species (*815 Tonawanda Street Corp. v. Fay's Drug Co., Inc.,* 842 F.2d 643, 647 (2d Cir.1988)); it is a common description of goods or services and is ineligible for trademark protection under any circumstances. *Banff, Ltd. v. Federated Department Stores, Inc.,* 841 F.2d 486, 489 (2d Cir.1988). A generic term is unprotectable, because appropriation of such generally descriptive terms would grant the owner of the mark a monopoly and prevent a competitor from ad-

equately describing his goods or services. *American Diabetes Ass'n v. National Diabetes Ass'n,* 533 F.Supp. 16, 19 (E.D.Pa.1981), *aff'd,* 681 F.2d 804 (3rd Cir.1982). A descriptive term describes a characteristic of the goods or services and is entitled to protection only if the plaintiff can prove that the term has acquired a "secondary meaning." *Girls Clubs of America v. Boys Clubs of America,* 683 F.Supp. at 52. A mark is suggestive if "it requires imagination, thought and perception to reach a conclusion as to the nature of the goods." *Eastern Air Lines v. New York Air Lines, Inc.,* 559 F.Supp. 1270, 1274 (S.D.N.Y.1983), *citing Abercrombie & Fitch Co. v. Hunting World, Inc.,* 537 F.2d 4, 11 (2d Cir.1976). Fanciful terms are "coined" terms, which have no independent meaning, while arbitrary terms have a meaning, but one that is not usually associated with the particular product. *815 Tonawanda Street Corp. v. Fay's Drug Co., Inc.,* 842 F.2d at 647. Suggestive, fanciful and arbitrary terms are entitled to trademark protection without proof of secondary meaning. *Id., citing Abraham Zion Corp. v. Lebow,* 761 F.2d 93, 104 (2d Cir.1985).

The defendant maintains that "The Arabic Channel" is a generic term and, therefore, unprotectable. In response, the plaintiff argues that "The Arabic Channel" is a descriptive term, and, thus, entitled to trademark protection if plaintiff can provide evidence that the term has developed a "secondary meaning" for the consuming public.

The Court notes that the owner of an unregistered trademark has the burden of proving the validity of the mark, and that burden includes establishing that the mark is protectable. *Reese Pub. Co. v. Hampton Intern. Communications,* 620 F.2d 7, 11 (2d Cir.1980). A generic mark is never protectable, and, therefore, to establish protectability, plaintiff must prove that its mark is not generic. *Id.* at 11.

 The plaintiff has not carried its burden. The Court finds that "The Arabic

---

**2.** Attached to its notice of motion, the defendant has submitted the affidavits of Norman Kellogg, the general manager of Cablevision, and Robert Callagy, attorney for the defendant. In opposition to defendant's motion, the plaintiff has sub-

mitted a memorandum of law and the affidavits of Ralph Casella, attorney for the plaintiff, Gamil Tawfik, the general partner of plaintiff, Mona Jarag and Gamil Omar.

Channel" is a generic term, not subject to trademark protection. The mark "The Arabic Channel" describes a general category of services, namely, channels that broadcast in the Arabic language. *See* 3 R. Callman, *Unfair Competition Trademarks and Monopolies* § 18.03, at 11 (4th ed. 1983) ("A generic term categorizes; it conveys information with respect to the nature or class of an article."). The mark is essentially the actual name of the product. *See Merritt Forbes & Co. v. Newman Inv. Securities,* 604 F.Supp. at 954. It defines itself, such that members of the public understand the nature of the product from the mark (*See .Loctite Corp. v. National Starch & Chemical,* 516 F.Supp. 190, 201 (S.D.N.Y.1981)); "The Arabic Channel" is a channel that broadcasts in the Arabic language.

The general category of "Arabic Channels" may at present consist of only one channel but in the future may include others. To allow one company the exclusive right to call itself "The Arabic Channel" would prevent potential competitors from adequately describing their services. *See Abercrombie & Fitch Co. v. Hunting World, Inc.,* 537 F.2d at 9. In order not to severely weaken the ability of competitors to enter the market, the Court believes the mark "The Arabic Channel" must remain in the public domain.

The Court observes that the fact that there may be an alternative term that describes the product accurately, for example, in this case, "the Arabic language channel," does not change the generic nature of the mark in question. As the Court wrote in *Loctite Corp. v. National Starch & Chemical,* in finding the term "Super Glue" to be generic, "the existence of synonyms for a term does not mean the term is not generic. There may be more than one term which the consuming public understands as designating a category of goods." 516 F.Supp. at 201.

■ The Court further notes that use of the word "the" before an unprotectable mark does not convert an otherwise generic term into a descriptive one. *See In re Computer Store, Inc.,* 211 U.S.P.Q. 72, 74 (1981). Use of the article "the" and of quotation marks cannot transform a generic term of ordinary words used in their ordinary sense into a registrable trademark. *In re G.D. Searle & Co.,* 143 U.S.P.Q. 220, 223 (1964).[3]

In this decision, the Court recognizes the difficulty involved in choosing between the generic and descriptive categories. As the Court acknowledged in *Abercrombie & Fitch Co. v. Hunting World, Inc.,* "[t]he lines of demarcation ... are not always bright." 537 F.2d at 9.[4] Indeed, in defining the meaning of "generic," Courts in this Circuit have even used the term "descriptive." *See E.R. Squibb & Sons, Inc. v. Cooper Laboratories,* 536 F.Supp. 523 (S.D.N.Y.1982) ("a 'generic term' is a 'common descriptive name' " *Id.* at 527); *Banff, Ltd. v. Federated Department Stores, Inc.,* 841 F.2d 486 (2d Cir.1988) (a generic term is "a common description of goods ..." *Id.* at 489).[5]

---

**3.** *See In re G.D. Searle & Co.,* 143 U.S.P.Q. 220 (1964) ("If we were to give any weight to applicant's arguments concerning the 'unique' effect created by the utilization of the article 'THE' in association with the mark 'PILL' and by the use of quotation marks around the unitary phrase, it would seem to follow that an automobile manufacturer could register the designation 'THE AUTOMOBILE' or an appliance manufacturer the phrase 'THE REFRIGERATOR.' *Id.* at 222). *See also In re Weather Channel, Inc.,* 229 U.S.P.Q. 854 (1986) ("Nor does the use of the word 'the' add any source indicating distinctiveness to the term sought to be registered." *Id.* at 856).

**4.** The Second Circuit described this lack of clarity between all four categories:
... placing a mark in one of these four categories is far from an exact science, and ... the differences between the classes, which is not always readily apparent, makes placing a mark in its proper context and attaching to it one of the four labels a tricky business at best.
*Banff, Ltd. v. Federated Dept. Stores, Inc.,* 841 F.2d 486, 489 (2d Cir.1988).

**5.** One commentator illustrates the confusion among Circuits in choosing between "generic" and "descriptive":
The Courts have great difficulty in drawing a distinction between descriptive and generic terms. For example, the Fifth and Seventh Circuits rendered opposing decisions on whether ALO for cream of the aloe verde plant was generic, or merely descriptive. The Seventh Circuit held that ALO was generic for cosmetics and preparations containing a substance of the aloe plant, while the Fifth Circuit said that ALO was not generic, but merely descriptive, but held that secondary meaning

Nevertheless, the Court is satisfied that the mark "The Arabic Channel" is within the confines of the generic category, as delineated by a long line of cases in this Circuit. These confines were described in *CES Pub. Corp. v. St. Regis Publications, Inc.*, 531 F.2d 11, 15 (1975), in which the Court declined to grant trademark protection to a magazine entitled "Consumer Electronics Monthly." The *CES* Court observed: ·

> ... it is hard to think of a name for a magazine, directed deliberately and effectively to industry personnel, which more accurately names the class of trade magazines within that industry than one which simply gives itself the name of the trade plus the word "Monthly."

*Id.* at 14. Indeed, in similar fashion, it would be hard to think of a name for a channel that broadcast in the Arabic language that more accurately described its services than the name of the language, "Arabic," plus the word "Channel." *See also Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4 (2d Cir.1976) (finding the term "Safari" generic in relation to sporting apparel); *Johnson & Johnson v. Carter–Wallace, Inc.*, 487 F.Supp. 740 (S.D.N.Y.1979), *rev. on other grounds*, 631 F.2d 186 (2d Cir.1980) (finding the term "Baby Oil" generic in relation to mineral oil); *Reese Pub. Co. v. Hampton Intern. Communications*, 620 F.2d 7 (2d Cir. 1980) (finding the term "Video Buyer's Guide" generic in relation to a magazine promoting the sale of video products); *Eastern Air Lines v. New York Air Lines, Inc.*, 559 F.Supp. 1270 (S.D.N.Y.1983) (finding the term "air-shuttle" generic in relation to airplane service between New York and Washington, D.C. and New York and Boston).

The Court further observes that two recent decisions of the Trademark Trial and Appeal Board ("TTAB") addressed the legal issues involved in describing television channels with generic terms. In *In re Weather Channel, Inc.*, 229 U.S.P.Q. 854 (1986), the TTAB affirmed the decision of the U.S. Patent and Trademark Office ("PTO") denying

trademark protection to the "The Weather Channel." The TTAB explained its decision:

> As the evidence ... clearly demonstrates, the term "weather channel" is the generic (apt descriptive) name of a television transmission, the subject matter of which exclusively concerns weather (principally the reporting of existing weather conditions and of weather forecasts).

*Id.* at 855. In similar fashion, the TTAB affirmed the decision of the PTO denying trademark protection to the "All News Channel":

> A television viewer seeing the mark as used on the guide and taking into account its common meaning would understand ALL NEWS CHANNEL to identify an all news television channel ... The words chosen by applicants as their mark generically describe their broadcasting and production services of which the entire subject matter is the news.

*In re Conus Communications Co.*, 23 U.S.P.Q.2d 1717, 1719 (1992).

The Court recognizes that while the decisions of the TTAB are not binding on this Court (*Murphy Door Bed Co. v. Interior Sleep Systems*, 687 F.Supp. 754, 762 (E.D.N.Y.1988), *aff'd*, 874 F.2d 95 (2d Cir. 1989)), they are nevertheless entitled to "great weight." *Syntex Laboratories, Inc. v. Norwich Pharmacal Co.*, 437 F.2d 566, 569 (2d Cir.1971). These two TTAB cases clearly suggest that a mark for a television channel, such as "The Arabic Channel," that generically describes the nature of its broadcasting services is generic and unprotectable.

The plaintiff makes several other arguments in support of the protectability of its mark. Citing a Fifth Circuit case, *Continental Motors Corp. v. Continental Aviation Corp.*, 375 F.2d 857 (5th Cir.1967), plaintiff suggests that a generic term is potentially protectable. Plaintiff's "Memorandum of Law," at 11. In *Continental Motors*, the Court seemed to state that a generic term was protectable if it acquired a secondary meaning. *Id.* at 861. This Court observes that while this suggestion in *Continental Mo-*

---

was not proven. Obviously, the net result of both decisions was the same—that the mark was unprotectable.

1 J. McCarthy, *Trademarks and Unfair Competition* § 12.5, p. 540 (2d ed. 1984) (citations omitted).

*tors* was never directly overruled, the current standard in the Fifth Circuit is clearly and unambiguously identical to the Second Circuit standard: a generic term is not protectable. *See Union Nat. Bank, Laredo v. Union Nat. Bank, Austin,* 909 F.2d 839 (5th Cir. 1990) ("Generic terms are never eligible for trademark protection." (underline in original)); *Louisiana World Exposition v. Logue,* 746 F.2d 1033 (5th Cir.1984) ("A generic term is never protectable." *Id.* at 1040).

The plaintiff also cites a Federal Circuit case, *In re Seats, Inc.,* 757 F.2d 274 (Fed.Cir. 1985), in which the Court found that the term "SEATS" was not generic when used in relation to a ticket reservation service. In *Seats,* however, the Court based its decision on the fact that the term "SEATS" was not being used in its generic context, that is, "in relation to chairs or couches or bleachers," but instead was being used to describe a reservation service. *Id.* at 277. In contrast, in this case, the plaintiff is using the term "The Arabic Channel" in its generic context, and, as the *Seats* Court make clear, a generic term can never be protected when used in connection with the product it generically describes.

Finally, the plaintiff requests that the Court grant it the opportunity to offer evidence to establish the "secondary meaning" of its mark as well as the likelihood of confusion among consumers. Plaintiff's "Memorandum of Law," at 14. Because the Court finds that "The Arabic Channel" is a generic term, a showing of secondary meaning would not help the defendant's case. As Judge Friendly stated in *Abercrombie & Fitch Co. v. Hunting World, Inc.,* "even proof of secondary meaning, by virtue of which some 'merely descriptive' marks may be registered, cannot transform a generic term into a subject for trademark." 537 F.2d at 9.

### Conclusion

The Court finds that "The Arabic Channel" is a generic term, and, as such, not protectable as a valid trademark. Accordingly, the Court grants the defendant's summary judgment motion as to Count I, the Lanham Act claim, of the complaint. With the federal claim no longer before this Court, we decline to exercise jurisdiction over the state law claims, Counts II and III (*See* Complaint, para. 4), and dismiss them. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *CES Pub. Corp. v. St. Regis Publications, Inc.,* 531 F.2d at 15. Lastly, the Court finds no evidence of bad faith on the part of the plaintiff and, accordingly, declines to order sanctions or to award attorneys' fees to defendant under Rule 11 of the Federal Rules of Civil Procedure.

SO ORDERED.