OPINION OF THE COURT
Bellacosa, J.
The determinative issue on this appeal is whether the plaintiffs breach of contract cause of action is barred by the Statute of Limitations. We hold that it is and thus reverse the order of the Appellate Division, grant defendants’ motion to dismiss and answer the certified question in the negative.
Plaintiff real estate broker and defendant bank agreed in writing in 1980 that all inquiries for the sale of the defendant’s building, located at 2 Wall Street, New York, New York, would "be referred to [Ely-Cruikshank], and all negotiations connected therewith [would] be conducted solely by or under the direction of [Ely-Cruikshank]”. The contract also provided that either party could terminate the entire agreement, for any reason, at any time after January 31, 1981, with 30 days’ notice. Defendant exercised that termination right effective November 30, 1983. It thereafter directly sold its building to RREEF USA Fund-II, Inc., on February 1, 1984. On January 26, 1990, Ely-Cruikshank sued for damages allegedly flowing out of several causes of action, including the breach of contract action at issue on this appeal. Ely-Cruikshank alleged that prior to terminating the brokerage agreement, the bank had secretly negotiated the building sale and thus deprived plaintiff of its right to negotiate and earn a commission pursuant to its exclusive rights under the agreement.
Supreme Court granted defendants’ motion to dismiss, stating that the agreement had terminated prior to the sale and under the terms of the agreement plaintiff was not entitled to a commission for a sale which was consummated after termination of the agreement. The Appellate Division, with a two-Justice dissent, modified the order of the Supreme Court by reinstating plaintiff’s first cause of action for breach of contract. The Appellate Division relied exclusively on the Statute of Limitations, which it held began to run on February 1, *402 1984, when the building was sold. The Appellate Division granted leave to appeal on a certified question.
Generally, any Statute of Limitations begins to run when a cause of action accrues (CPLR 203 [a]). In New York, a breach of contract cause of action accrues at the time of the breach (Edlux Constr. Corp. v State of New York, 252 App Div 373, 374, affd 277 NY 635; see also, Kassner & Co. v City of New York, 46 NY2d 544, 550). "[T]he Statute runs from the time of the breach though no damage occurs until later” (6 Williston, Contracts § 2004, at 5641 [rev ed 1938], quoted in McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C203:l, at 143). As this Court recently observed in Kronos, Inc. v A VX Corp., "settled law marks accrual [for an action sounding in contract] from the contractual breach” (81 NY2d 90, 94; contrast, Phoenix Acquisition Corp. v Campcore, Inc., 81 NY2d 138, 143 [installment obligations "warrant different considerations and results under the Statute of Limitations’ microscope”]). Since "[n]ominal damages are always available in breach of contract actions” (Kronos, Inc. v AVX Corp., supra, at 95 [citations omitted]), all of the " 'elements necessary to maintain a lawsuit and obtain relief in court’ ” (dissenting opn, at 406) were present at the time of the alleged breach in this case.
Ely-Cruikshank’s primary argument that its breach of contract cause of action should be measured from the date of the sale of the building fails because that is not the point at which any alleged breach occurred. In demarcating the sale as the time of the breach, the dissent misconstrues the plaintiff’s cause of action and ignores critical facts. Ely-Cruikshank alleged that the bank secretly negotiated the sale of the building prior to terminating the contract, thus depriving it of the right to negotiate and earn a commission under the exclusive right-to-sell clause of the contract. Ely-Cruikshank did not, and could not, allege that the bank breached the contract by selling the building after it had properly terminated the contract. As noted, the contract gave both parties the unconditional right to terminate it unilaterally. It also explicitly limited Ely-Cruikshank’s right to commissions "[u]pon and after termination of [the] Agreement” to "any pending negotiation for a lease, ” not a sale. Thus, even if the bank had notified Ely-Cruikshank of the pending negotiations, the bank would still have retained the right to terminate the contract and Ely-Cruikshank would not have been entitled to a commission on the subsequent sale regardless of its degree *403 of participation in the negotiations. Thus, the alleged breach, if any, occurred when the bank purportedly failed to reveal its preliminary discussions with RREEF prior to the termination of the brokerage agreement.
Ely-Cruikshank’s alternative argument that the defendant bank terminated the brokerage agreement in bad faith and thus breached the covenant of good faith which is implied in every contract is also unavailing (see, Kirke La Shelle Co. v Armstrong Co., 263 NY 79, 87). Assuming without deciding that the bank breached an implied covenant of good faith, we conclude that such alleged breach occurred on or about the concededly effective termination of the agreement. Thus, the six-year Statute of Limitations on the breach of contract cause of action, measured from either the termination-of-agreement date or the earlier "secret-negotiations” date, had already expired by the time the lawsuit was started. Either way, the action was untimely commenced.
The dissent’s heavy reliance on Ely-Cruikshank’s lack of knowledge ignores this Court’s own precedents and the policy considerations relating to the Statute of Limitations. We have stated that "[e]xcept in cases of fraud where the statute expressly provides otherwise, the statutory period of limitations begins to run from the time when liability for wrong has arisen even though the injured party may be ignorant of the existence of the wrong or injury” (Schmidt v Merchants Desp. Transp. Co., 270 NY 287, 300, rearg denied 271 NY 531). Thus, "[knowledge of the occurrence of the wrong on the part of the plaintiff is not necessary to start the Statute of Limitations running in [a] contract [action]” (Varga v Credit-Suisse, 5 AD2d 289, 292, affd no opn 5 NY2d 865; see also, Brick v Cohn-Hall-Marx Co., 276 NY 259; Wood v Young, 141 NY 211, 217).
The dissent nevertheless charges that permitting the statute to run when the plaintiff is unaware of the breach "presents difficulties,” is harsh and "manifestly unfair”, and creates " 'an obvious injustice’ ” (dissenting opn, at 404, 406). These objections appear to be calling for a remarkable form of discovery postponement of the running of Statute of Limitations affecting contract causes of action. Moreover, this novel notion would be entirely dependent on the subjective equitable variations of different Judges and courts instead of the objective, reliable, predictable and relatively definitive rules that have long governed this aspect of commercial repose of dis *404 putes. To extend the highly exceptional discovery notion to general breach of contract actions would effectively eviscerate the Statute of Limitations in this commercial dispute arena.
Moreover, the "difficulties” and "injustice” conjured up by the dissent do not overcome important policy considerations. "Indeed, we have noted that Statutes of Limitation are 'statutes of repose’ representing ' "a legislative judgment that * * * occasional hardship * * * is outweighed by the advantage of barring stale claims” ’ ” (Hernandez v New York City Health & Hosps. Corp., 78 NY2d 687, 698 [emphasis in original] [citations omitted]). By their nature, they are somewhat harsh and seemingly unjust. In any event, there is no injustice on the facts of this case, since although Ely-Cruikshank may have been unaware of the alleged secret negotiations in November 1983, it became aware of their existence at least as early as February 1984 at a time when it still had over five years left before the Statute of Limitations barred its breach of contract action.
Because the disposition of this case turns entirely on the application of settled breach of contract Statute of Limitations principles, we do not reach Ely-Cruikshank’s other arguments addressed to the merits of the dispute.
Accordingly, the order of the Appellate Division should be reversed, with costs, defendants’ motion to dismiss the complaint granted and the certified question answered in the negative.