■ MICHAEL "WILD STYLE" TRACY, Appellant, v Pow Wow PRODUCTION et al., Respondents. [755 NYS2d 76] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered December 10, 2001, which conditionally granted plaintiff's motion to strike defendants' answer, and order, same court (Betty Stinson, J.), entered January 7, 2002, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff is a graffiti spray-painter who has identified himself in his work using the designation "Wild Style." In this action, plaintiff alleges in various causes of action that defendants-respondents have made unauthorized use of the "Wild Style" designation. It is undisputed, however, that plaintiff learned in 1980 that defendants had titled their documentary film "Wild Style" and that in 1982 he complained to defendants respecting their use of the designation, and, accordingly, any claim for wrongful use or misappropriation of the "Wild Style" designation accrued no later than 1982 and is thus time-barred, this action having been commenced in 1999 (*see* CPLR 203 [a]; *Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402 [1993]). Although plaintiff maintains that his claims revived in 1997, on the occasion of the documentary's commercial re-release, by reason of an alleged oral promise by defendant Ahearn to him in 1982 that the film would not be profitable but that if it was

plaintiff would be taken care of, plaintiff asserts no claim for breach of contract in his complaint, and his unsupported contention regarding Ahearn's alleged promise is, in any event, insufficient to raise a triable issue as to the existence of an enforceable oral agreement.

The issue of timeliness aside, the complaint was otherwise subject to dismissal since no triable issue was raised as to the merits of any of plaintiff's causes. Plaintiff's designation of himself, in his graffiti, as "Wild Style" did not entitle him to claim trademark protection for the designation since the designation was not used by plaintiff in the marketplace in connection with a product or business (see La Societe Anonyme des Parfums le Galion v Jean Patou, Inc., 495 F2d 1265, 1271 [1974]; see also TCPIP Holding Co., Inc. v Haar Communications Inc., 244 F3d 88, 94-95 [2001]). In addition, since plaintiff never registered the alleged trademark, it was his burden to prove that it was not generic (see Reese Publ. Co., Inc. v Hampton Intl. Communications, Inc., 620 F2d 7, 11 [1980]; GMT Prods., L.P. v Cablevision of N.Y. City, Inc., 816 F Supp 207, 210 [1993]), and the record is devoid of evidence that plaintiff's illegal spray-painting of the words "Wild Style," a term admittedly commonly used to describe a certain type of graffiti lettering, entitled him to claim trademark protection. A proponent of trademark protection must show that the mark for which protection is sought has acquired "secondary meaning" (see Tri-Star Pictures, Inc. v Unger, 14 F Supp 2d 339, 348 [1998]), and plaintiff has provided no evidence that his mark had, prior to defendants' use of the term "Wild Style" in their film, such secondary meaning in commerce as to warrant its legal protection.

In view of the essentially meritless nature of this action, the court properly declined to grant the drastic remedy of striking defendants' pleadings, which would have been tantamount to awarding plaintiff an unwarranted default judgment. Concur—Nardelli, J.P., Andrias, Buckley, Rosenberger and Friedman, JJ.