**Mary Ann DURKIN, Kathleen Brennan, Susan J. Giannone, Esther Lidstrom, Jean Marcovecchio, Michele Meyer, Lorraine Mcintyre, Ellen Stein, Barbara Stemmle, Doreen Triola, Kathleen Vedder, Plaintiffs–Appellants,**

**Margaret Cavanagh, Appellant,**

**v.**

**NASSAU COUNTY POLICE DEPARTMENT, Daniel P. Guido, Commissioner, Nassau County Police Department, Nassau County Police**

Department, Ralph G. Caso, County Executive, Nassau County Board of Supervisors, Francis T. Purcell, Member, Nassau County Board of Supervisors, Alfonse D'Amato, Member, Nassau County Board of Supervisors, John W. Burke, Member, Nassau County Board of Supervisors, Michael J. Tully, Jr., Member, Nassau County Board of Supervisors, Vincent A. Suozzi, Member, Nassau County Board of Supervisors, Hannah Komanoff, Member, Nassau County Board of Supervisors, Nassau County Civil Service Commission, Gabriel S. Kohn, Chairman, Nassau County Civil Service Commission, Edward S. Witanowsky, Member, Nassau County Civil Service Commission, Edward A. Simmons, Member, Nassau County Civil Service Commission, Nassau County Patrolmen's Benevolent Association, Municipal Police Training Council, Thomas R. Blair, Commissioner, Buffalo Police Department, Michael J. Codd, Commissioner, New Police Department, Nassau County, a municipal corporation organized pursuant to the laws of the State of New York, Daniel S. Guido, Nassau County Police Department, Gabriel S. Kohn, Nassau County Civil Service Commission, Edward S. Witanowski, Nassau County Civil Service Commission, Edward A. Simmons, Nassau County Civil Service Commission, Nassau County Patrolmen's Benevolent Association, Defendants–Appellees,

William G. Connelie, Superintendent, New York State Police, Patrick J. Corbett, J. Wallace La Prade, Assistant Director, Federal Bureau of Investigation, Defendants,

United States of America, Plaintiff–Appellee.

Nos. 04–4281–CV, 04–4882–CV, 04–4297–CV, 04–4869–CV, 04–5960–CV.

United States Court of Appeals, Second Circuit.

March 30, 2006.

Michele Gapinski, Slavin, Angiuolo & Horowitz, LLP, Jericho, New York, for Plaintiffs–Appellants and Appellant.

Peter J. Clines, Deputy County Attorney, Bureau of Appeals, County of Nassau, Mineola, New York, for Defendants–Appellees.

Karl N. Gellert, United States Department of Justice, Civil Rights Division, Washington, D.C., for Plaintiff–Appellee.

Present: Hon. WILFRED FEINBERG, Hon. ROBERT A. KATZMANN, Circuit Judges.[1]

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

Since 1982, the County of Nassau and several of its subdivisions, including its Police Department, have been operating under two consent decrees that settled two cases brought against these entities in 1976 and 1977 pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The instant appeal challenges orders of the district court (Seybert, *J.*) dated July 20, 2004, denying plaintiffs-appellants' motion to enforce these consent decrees; July 21, 2004, denying appellant Cavanagh's application to consolidate her claims with those of plaintiffs-appellants; and August 13, 2004, denying plaintiffs-appellants' motion for reconsideration of the July 20 order. We presume the parties' familiarity with the underlying facts, procedural history, and the scope of the issues presented. *See also Brennan v. Nassau County,* 352 F.3d 60, 63 (2d Cir.2003) (earlier proceeding in this case, in which the district court's denial of a motion to enforce consent decrees was vacated and the matter was remanded for the district court to apply the equitable doctrine of laches instead of the legal defense of statute of limitations).

We review the district court's ruling that the application to enforce the consent decree was barred by laches for abuse of discretion.[2] *See Perez v. Danbury Hosp.,*

---

1. The Honorable Reena Raggi was originally a member of this panel but recused herself from consideration of this appeal. The remaining two members of the panel, who are in agreement, decide this appeal in accordance with Second Circuit Local Rule § 0.14.

2. Plaintiffs and the County mistakenly point to cases in which the equitable doctrine of laches, which ordinarily receives review for abuse of discretion, is the basis for dismissing a case on a motion to dismiss or for summary judgment, which ordinarily receive *de novo* review. *See Ikelionwu v. United States,* 150 F.3d 233, 236–37 (2d Cir.1998); *Ivani Contracting Corp. v. City of New York,* 103 F.3d 257, 259 (2d Cir.1997). These cases are not relevant here.

347 F.3d 419, 425–26 (2d Cir.2003); *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 193 (2d Cir.1996). Because the most closely analogous state statute of limitations— the six-year statute of limitations for contracts—had run by the time the plaintiffs moved to enforce the consent decrees, the plaintiffs bear the burden of disproving laches. *Conopco*, 95 F.3d at 191; *see also Ely–Cruikshank Co., Inc. v. Bank of Montreal*, 81 N.Y.2d 399, 402–03, 599 N.Y.S.2d 501, 615 N.E.2d 985 (1993) (holding that under New York law, "a breach of contract cause of action accrues at the time of the breach," "even though the injured party may be ignorant of the existence of the wrong or injury" (internal quotation marks omitted)). Accordingly, the plaintiffs had to establish that (1) they did not know of the defendant's misconduct, (2) they did not inexcusably delay in taking action, and (3) the defendant was not prejudiced by the delay. *Ikelionwu*, 150 F.3d at 237.

▇ We find no abuse of discretion in the district court's conclusion that plaintiffs did not meet their burden. There was ample evidence in the record that plaintiffs had knowledge dating back to the early 1980s of the County's alleged failure to credit them for appropriate benefits. The district court was also entitled to conclude that the plaintiffs had engaged in unreasonable and inexcusable delay in bringing forward their claim. The fact that some plaintiffs made internal complaints and were rebuffed over the years shows diligence only up to a point, for the plaintiffs' knowledge that the defendants disagreed with their reading of the consent decrees in the end demonstrates an unexplained reluctance to take their complaints to a higher authority. Nor was it the County's burden to seek court approval of its reading of its obligations under the consent decrees, for, unlike the defendant in *EEOC v. Local 638 ... Local 28 of the Sheet Metal Workers' Int'l Ass'n*, 753 F.2d 1172, 1179 (2d Cir.1985), the County was in substantial compliance with the district court's orders. Moreover, to the extent that a lack of excuse for delay did not render the prejudice inquiry moot, *see Stone v. Williams*, 873 F.2d 620, 625 (2d Cir.), *cert. denied*, 493 U.S. 959, 110 S.Ct. 377, 107 L.Ed.2d 362, *vacated on other grounds*, 891 F.2d 401 (2d Cir.1989), *cert. denied*, 496 U.S. 937, 110 S.Ct. 3215, 110 L.Ed.2d 662 (1990), it was well within reason for the district court to conclude that "the delay [would] make[ ] it difficult to garner evidence to vindicate [the defendant's] rights," *Robins Island Pres. Fund v. Southold Dev. Corp.*, 959 F.2d 409, 424 (2d Cir.1992), due to the lead negotiators' "fading memories," *Stone*, 873 F.2d at 625.[3]

▇ We also find no abuse of discretion in the district court's decision to decide plaintiffs' motion on the grounds of laches without permitting the plaintiffs to take additional discovery. Its conclusion that the information relevant to the question of laches was predominantly within the plaintiffs' control and would not be gathered through discovery was certainly "within the range of permissible decisions." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir.2003).

Finally, the district court was entitled to deny Cavanagh's application to join as a plaintiff. Her claims mirrored those of the other plaintiffs. Indeed, the argument for laches with respect to Cavanagh is even clearer because she waited an additional two years to bring her claims.

We have considered all of the appellants' arguments and find them to be without

---

3. Having concluded that the district court's dismissal on the grounds of laches was not an abuse of discretion, we need not address the County's alternative argument that the plaintiffs' claims are barred by the express terms of the consent decrees.

merit. Accordingly, the judgment of the district court is AFFIRMED.