14-1414-cv
Wells Fargo Bank, N.A. v. JP Morgan Chase Bank, N.A.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand sixteen.

Present:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

───────────────────────────────────────────

WELLS FARGO BANK, NA, as Trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Corp., Commercial Mortgage Pass-Through Certificates, Series 2002-CIBC4, acting by and through its Special Servicer, LNR Partners, LLC,

> *Plaintiff-Appellant,*

> v.                                                                              No. 14-1414-cv

JPMORGAN CHASE BANK, N.A.,

> *Defendant-Appellee.*

───────────────────────────────────────────

FOR APPELLANT:          GREGORY A. CROSS (Colleen M. Mallon, *on the brief*), Venable LLP, Baltimore, MD.

FOR APPELLEE:           JOHN G. HUTCHINSON (Benjamin R. Nagin, Eamon P. Joyce, Colin J. Garry, *on the brief*), Sidley Austin LLP, New York, NY.

───────────────────────────────────────────

Appeal from a judgment of the United States District Court for the Southern District of New York (Cedarbaum, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Wells Fargo Bank, N.A.[1] ("Wells Fargo") appeals from the district court's order dismissing its claims for breach of contract against Defendant-Appellee JPMorgan Chase Bank, N.A. ("JPMorgan") on statute of limitations grounds. The claims arose from JPMorgan's alleged breach of its contractual obligations, as memorialized in the parties' Mortgage Loan Purchase Agreement ("MLPA"), to repurchase a mortgage loan that allegedly violated certain representations and warranties. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

On appeal, Wells Fargo contends that its claims were timely because: (1) the "repurchase provision" of the MLPA created an ongoing obligation to repurchase or cure that was breached each time JPMorgan failed to repurchase or cure an allegedly breaching loan; and (2) under the "demand provision" of the MLPA, Wells Fargo was not entitled to demand that JPMorgan repurchase or cure the defective loan until there was a material and adverse effect on the value of the loan as a result of the breach. These arguments are unavailing in light of a recent decision of the New York Court of Appeals, *ACE Secs. Corp. v. D.B. Structured Prods., Inc.*, 25 N.Y.3d 581 (2015), and a recent decision of this Court, *Deutsche Bank National Trust Co. v. Quicken Loans Inc.*, 810 F.3d 861 (2d Cir. 2015). We review *de novo* a

---

[1] Wells Fargo Bank, N.A. in its individual capacity has moved to intervene in this case for the limited purpose of clarifying that Plaintiff-Appellant's legal positions are attributable to the Trust itself, acting by and through its Special Servicer (LNR Partners, LLC), and are not attributable to Wells Fargo. (See Motion to Intervene, ECF No. 72.) Although we deny that motion, Wells Fargo's position is duly noted.

district court's grant of a motion to dismiss, including its application of the pertinent statute of limitations and its interpretation of contractual terms. *Id.* at 865. When sitting in diversity jurisdiction and reviewing New York state law claims, we must apply "the law of New York as interpreted by the New York Court of Appeals." *Id.* (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,* 739 F.3d 45, 48 (2d Cir. 2013) (per curiam)).

Under New York law, the six-year limitations period on claims for breach of contract generally runs from the time the contract was breached. N.Y. C.P.L.R. 203(a), 213(2); *see also Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402 (1993). Where "a demand is necessary to entitle a person to commence an action," the cause of action accrues "when the right to make the demand is complete . . . ." N.Y. C.P.L.R. 206(a). Accordingly, "[a] cause of action for breach of contractual representations and warranties that guarantee certain facts as of a certain date—but do not guarantee future performance—accrues on the date those representations and warranties become effective." *Quicken Loans*, 810 F.3d at 365 (citing *ACE*, 25 N.Y.3d at 596). In this case, the allegedly breached representations and warranties were made at the time the MLPA was executed in 2002. By the time Wells Fargo filed suit in 2012, more than six years had passed since the Defendant allegedly breached its relevant performance obligations under the contract. Wells Fargo's claims, therefore, were time-barred.[2]

---

[2] Wells Fargo also argues that, even assuming, *arguendo*, that the demand provision is procedural and the material and adverse effect provision is not an essential element of the breach, N.Y. C.P.L.R. 206(a) delays accrual of the cause of action here, as the Trust's "right to make . . . demand was not not 'complete' . . . until JPMorgan's breaches of Representations materially and adversely affected the value of the Loan . . . ." Appellant's Br. at 36 (quoting N.Y. C.P.L.R. 206(a)). *ACE* and *Quicken Loans* foreclose this understanding of how Rule 206(a) operates. The intermediate court in *ACE*, affirmed by the New York of Appeals, clearly held that the date of accrual was the date of breach of the Representations and Warranties, even as it acknowledged explicitly that "the Trustee was not entitled to . . . demand . . . repurchase . . . until it

3

The "material[] and adverse[]" effect language, J.A. 41, does not create an element of an actionable breach. Rather, the language referring to material adverse effects is part of the provision through which Wells Fargo might seek repurchase as one recourse for a breach of representations and warranties made in the MLPA. Such a remedial mechanism is not an element of breach and does not toll the statute of limitations under New York law. *See ACE*, 25 N.Y.3d at 598 (holding that the failure to repurchase or cure under a substantially similar MLPA is not a substantive condition precedent capable of delaying accrual of a trust's claims). Because the repurchase provision does not create "an independent obligation but merely an alternative contractual remedy to damages, [and] the relevant 'performance' is the truth or falsity" of the representations and warranties, the statute of limitations runs from the time those representations and warranties were made. *Quicken Loans*, 810 F.3d at 867 (internal citation omitted).

Wells Fargo's argument that the district court erred by not accepting the Complaint's allegation that the value of the "Mortgage Loan, the related Mortgage Property or the interests of any of the holders of the Certificates therein," J.A. 41, was not materially and adversely affected until 2009 is unavailing. As our analysis demonstrates, the material and adverse effect requirement is a component of the remedy and not of the breach; thus, like

discovered or received notice of a breach *and* the cure period lapsed." *ACE Secs. Corp. v. DB Structured Prods., Inc.*, 977 N.Y.S.2d 229, 231 (N.Y. App. Div. 1st Dep't 2013); *see also ACE*, 25 N.Y.3d 581. Similarly, in *Quicken Loans*, demand could not be made until after notification or discovery and the required cure period, but these procedural contours of the remedy provision did not, via 206(a), operate to delay accrual. 810 F.3d at 864. The holdings of both cases thus make clear that, although preconditions to the ability to make a procedural demand for a bargained-for alternative remedy might affect when "demand" for that remedy can, as a procedural matter, be made (just as the material and adverse effect requirement allegedly does in this case), they do not affect when the "*right* to make the demand is complete," N.Y. C.P.L.R. 206(a) (emphasis added): when the relevant wrong is completed and the legal right to some remedy (though potentially a right limited, procedurally, by the bargained-for provisions of the contract) arises. In other words, 206(a) does not provide an alternate way for the procedural conditions of an alternative remedy provision to delay the date of accrual.

the cure period in *Quicken Loans*, it does not delay accrual. Nevertheless, we would also note—without otherwise determining when a material and adverse effect was pled to exist in this case or whether the proper interpretation of material adverse effects even contemplates that such an effect can or does occur at a later time than the breach of the representations and warranties themselves—that, although allegations as to the facts underlying such an effect must indeed be taken as true at the motion to dismiss stage, the existence of a material and adverse effect turns on a legal conclusion as to what this text means in the MLPA. The district court had no obligation to accept a legal conclusion as true on a motion to dismiss.

The repurchase provision of the MLPA does not delay accrual of the statute of limitations, because it does not create a substantive condition precedent to suit. *See Quicken Loans*, 810 F.3d at 866 (noting that New York courts "distinguish between substantive demands and procedural demands" for statute of limitations purposes (quoting *Cont'l Cas. Co. v. Stronghold Ins. Co.*, 77 F.3d 16, 21 (2d Cir. 1996))). Rather, the contractual demand condition to cure or repurchase merely prescribes the mechanism by which the purchaser seeks a remedy for a preexisting wrong. *See id.* at 867 (stating with respect to similar repurchase provision that "performance (or nonperformance) of the contract is not contingent on [the party's] demand; the [representations and warranties] were true or false— either performed or not—at the moment they were made").

We have considered Appellant's remaining arguments and conclude that they are without merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

5