*Ezra v. Weitz & Luxenberg*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of November, two thousand nineteen.

PRESENT: AMALYA L. KEARSE,
RICHARD J. SULLIVAN,
MICHAEL H. PARK,
*Circuit Judges*.

-------------------------------------------------------------------

BEVERLY J. EZRA, an individual,

*Plaintiff-Appellant*,

v.                                                              No. 18-3742-cv

WEITZ & LUXENBERG, P.C., a New York
professional corporation

*Defendant-Appellee*,

Does and Roes I through XX,

*Defendants*.

-------------------------------------------------------------------

FOR APPELLANT: ALAN S. LEVIN, Alan S. Levin, P.C., Incline Village, NV.

FOR APPELLEE: ROBERT J. DRAKULICH, The Drakulich Firm, APLC, Reno, NV.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Beverly Ezra appeals from a judgment of the district court (Hellerstein, *J.*) dismissing as time-barred her complaint against Weitz & Luxenberg, P.C. ("W&L") alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and fraud. Specifically, Ezra alleges that W&L improperly filed court documents in 2000 that led to the dismissal "with prejudice" of a products liability suit commenced by Ezra, in violation of a tolling agreement between the parties that required the suit to be dismissed "without prejudice." On appeal, Ezra contends that her claims are

2

not time-barred, and that she was entitled to equitable tolling and equitable estoppel because W&L's wrongdoing caused her claims to be time-barred. Because the district court was correct that Ezra's claims are barred by the applicable statutes of limitations, and because Ezra did not assert equitable tolling or equitable estoppel in the district court, we affirm.

"We review *de novo* the dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016). "The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

New York C.P.L.R. § 213(2) requires "an action upon a contractual obligation or liability, express or implied," to commence within six years of the claim accruing. "Under New York law, a cause of action for breach of contract

3

accrues . . . when the contract is breached." *T & N PLC v. Fred S. James & Co. of N.Y., Inc.*, 29 F.3d 57, 59 (2d Cir. 1994). This rule applies even when the injury arises well after the breach occurred or when the injured party is ignorant of the breach. *Ely-Cruikshank Co. v. Bank of Montreal*, 615 N.E.2d 985, 986–87 (N.Y. 1993).

Here, the district court properly determined that Ezra's contract-related claims expired on September 1, 2006, six years after the August 31, 2000 filing of the with-prejudice dismissal order. Ezra's insistence that her breach of contract and breach of the covenant of good faith and fair dealing claims accrued in October 2015, when she first discovered that her products liability case had been dismissed with prejudice, is clearly incorrect. W&L promised a single performance – dismissal of the action without prejudice. App'x at 27–28. Breach therefore occurred on August 31, 2000, when Ezra's prior suit was dismissed with prejudice.

The same holds true for Ezra's fraud claims. Although the statute of limitations for fraud in New York is the greater of six years from accrual of the fraud claim or two years from the date that the fraud was discovered or could with reasonable diligence have been discovered, N.Y. C.P.L.R. § 213(8), the fraud claim here accrued on August 31, 2000, when the with-prejudice dismissal order was

4

filed. Even assuming the truth of Ezra's assertion that she first discovered W&L's fraud on October 1, 2015, and further assuming that Ezra could not with reasonable diligence have discovered the publicly docketed dismissal order in her own case back in 2000, Ezra's claims had to be filed, at the latest, before October 2, 2017.

Ezra contends that she filed a separate suit against W&L in the District of Nevada on March 6, 2016, and while that case was dismissed for lack of personal jurisdiction on July 2, 2018, she insists that New York's savings statute entitled her to refile her claims against W&L within six months of the dismissal of the Nevada lawsuit. But as the district court correctly held, New York's savings statute expressly excludes prior actions terminated for lack of personal jurisdiction.[1]

---

[1] New York's savings statute provides, to the extent pertinent here:
> If an action is timely commenced and is terminated in any other manner than by . . . a failure to obtain personal jurisdiction over the defendant . . . the plaintiff . . . may commence a new action upon the same transaction or occurrence . . . within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.

N.Y. C.P.L.R. § 205(a).

Accordingly, New York's savings law provides no basis for salvaging Ezra's fraud claims.

Ezra finally argues that she was entitled to equitable tolling and equitable estoppel because W&L's deceptive conduct was what caused her claims to be time-barred in the first place. But Ezra did not raise the issues of equitable tolling and equitable estoppel in the district court. "The law in this Circuit is clear that where a party has shifted his position on appeal and advances arguments available but not presented below, . . . waiver will bar raising the issue on appeal." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 124 n.29 (2d Cir. 2005) (alteration in original) (quoting *United States v. Braunig*, 553 F.2d 777, 780 (2d Cir. 1977)). Consequently, Ezra has waived these claims.

We have considered Ezra's remaining contentions and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6