Azulay v Malul (2021 NY Slip Op 02779)





Azulay v Malul


2021 NY Slip Op 02779


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-11255
 (Index No. 706158/14)

[*1]Ziv Azulay, etc., respondent, 
v
Shalom Malul, etc., et al., appellants.


Gordon & Haffner, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Anthony F. DeStefano], of counsel), for appellants. 
Kennedy Lillis Schmidt & English, New York, NY (John T. Lillis, Jr., of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered July 25, 2018. The judgment, upon the denial of the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint made at the close of the plaintiff's case, and upon a jury verdict, is in favor of the plaintiff and against the defendants in the principal sum of $111,284.08.
ORDERED that the judgment is reversed, on the law, with costs, the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint made at the close of the plaintiff's case is granted, and the complaint is dismissed.
The plaintiff and the defendants allegedly entered into an agreement to develop a parcel of real estate and then sell it to a third party. The property was developed and sold to a third party in 2005. In 2014, the plaintiff commenced the instant action against the defendants to recover damages for breach of contract, alleging that the defendants failed to give him the money he was owed from the sale. The case proceeded to trial. At trial, at the close of the plaintiff's case, the defendants moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint on the ground that it was time-barred.
The Supreme Court erred in denying the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. The statute of limitations for a breach of contract cause of action is six years (see CPLR 213[2]). Generally, the statute of limitations begins to run when the cause of action accrues (see CPLR 203[a]). A breach of contract cause of action accrues at the time of the breach, even though the injured party may not know of the existence of the wrong or injury (see ACE Sec. Corp., Home Equity Loan Trust, Series 2006-SL2 v DB Structured Prods., Inc., 25 NY3d 581, 594; Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402). Here, the evidence at trial showed that the alleged breach of contract occurred in 2005. As this action was commenced more than six years later, the complaint is time-barred.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court