Maximum Income Partners, Inc. v Schum (2021 NY Slip Op 05191)





Maximum Income Partners, Inc. v Schum


2021 NY Slip Op 05191


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


569 CA 20-01635

[*1]MAXIMUM INCOME PARTNERS, INC., AND WEBBER ENTERPRISES, INC., PLAINTIFFS-RESPONDENTS,
v
DANIEL G. SCHUM, DOING BUSINESS AS KENNEDY AND SCHUM, DEFENDANT-APPELLANT. 






GOLDBERG SEGALLA LLP, ROCHESTER (PATRICK B. NAYLON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SCHULMAN BHATTACHARYA, LLC, ROCHESTER (JEFFREY S. GAVENMAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered June 16, 2020. The order, insofar as appealed from, denied the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendant's motion in part and dismissing the complaint with respect to plaintiff Maximum Income Partners, Inc., and as modified the order is affirmed without costs.
Memorandum: In 2013, plaintiff Webber Enterprises, Inc. (Webber) purchased three pieces of property (subject properties) from nonparty Homestead NY Properties, Inc. (Homestead). Defendant is an attorney who represented Homestead in that transaction. The subject properties, as well as numerous other properties owned by Homestead, were encumbered by a lien held by a third party. At the closing for the subject properties, defendant executed a guaranty providing that the lien would be released. It is undisputed that no lien release was ever recorded for the subject properties, and we previously affirmed an order concluding that a subsequent agreement did not serve to release the lien on those properties (Maximum Income Partners, Inc. v Webber [appeal No. 1], 158 AD3d 1090, 1090 [4th Dept 2018], affg 58 Misc 3d 1218[A], 2016 NY Slip Op 51903[U] [Sup Ct, Monroe County 2016]).
Webber subsequently obtained a loan from plaintiff Maximum Income Partners, Inc. (Maximum) secured by a mortgage on the subject properties. Webber defaulted on the loan and, on February 18, 2015, Webber delivered a deed in lieu of foreclosure for the subject properties to Maximum. Thereafter, the lienholder levied on the subject properties, which were then sold to Maximum at a sheriff's auction to satisfy the lien. Plaintiffs commenced this action to recover damages resulting from defendant's failure to secure a release of the lien. Defendant moved for summary judgment dismissing the complaint, contending that he owed no duty to Maximum and that Webber suffered no damages. Supreme Court denied the motion.
We agree with defendant that the court erred in denying that part of his motion with respect to the breach of contract claims asserted by Maximum, and we therefore modify the order accordingly. Maximum was neither a party to the guaranty in question nor an intended third-party beneficiary of it. At the time of the guaranty, Maximum had no involvement with the subject properties, and nothing in the guaranty indicated an "assumption by the contracting parties of a duty to compensate" Maximum in the event of a breach (Mendel v Henry Phipps Plaza W., Inc., 6 NY3d 783, 786 [2006] [internal quotation marks omitted]; cf. Town of W. Seneca v Kideney Architects, P.C., 187 AD3d 1509, 1511 [4th Dept 2020]). Thus, there is no basis for holding defendant liable to Maximum based on his breach of the guaranty to Webber.
We further conclude, however, that the court properly denied that part of defendant's motion with respect to the claims asserted by Webber. There is no dispute that defendant failed to perform under the guaranty and, even assuming, arguendo, that Webber will not incur monetary damages as a result of that failure, we conclude that Webber is entitled to pursue an award of nominal damages, which "are always available in breach of contract actions" (Kronos, Inc. v AVX Corp., 81 NY2d 90, 95 [1993]; see Ely—Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402 [1993]).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court